```
                     UNITED STATES DISTRICT COURT
                      MIDDLE DISTRICT OF FLORIDA
                            OCALA DIVISION
```

YVON MONCHER,

                Plaintiff,

vs.                                  Case No. 5:12-cv-676-Oc-29PRL

B. HAILMAN; LAKE CORRECTIONAL INSTITUTION; SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

                Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court upon review of the file. Plaintiff Yvon Moncher, proceeding *pro se*, initiated this action as a prisoner by filing a Civil Rights Complaint Form (Doc. #1, Complaint) pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*.

### I.

The Prison Litigation Reform Act requires that the Court review all complaints filed by prisoners against a governmental entity to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915A(a), (b)(1), (b)(2). In essence, § 1915 is a

screening process to be applied sua sponte and at any time during the proceedings.[1]  In reviewing a complaint, however, the Court accepts the allegations in the complaint as true, Boxer v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), and applies the long established rule that pro se complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys.  Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted).

The standards that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under § 1915.  Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001).  Under Rule 12(b)(6), the court views all allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008).  The standard governing Federal Rule of Civil Procedure 12(b)(6) dismissals apply to dismissals under § 1915(e)(2)(B)(ii).  Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its

---

[1]Similarly, pursuant to § 1915, "notwithstanding any filing fee . . . that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  § 1915(e)(2)(B)(i)-(iii).

face. Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009). The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Twombly, 550 U.S. at 556. Specifically, although a complaint "does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. Additionally, there is no longer a heightened pleading requirement. Randall, 610 F.3d at 701. The Court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. Marsh, 268 F.3d at 1022; Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003); Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008).

**II.**

The incidents giving rise to the action occurred while Plaintiff was incarcerated at Lake Correctional Institution. Complaint at 6. According to the Complaint, on March 10, 2008, Officer Hailman "abused" Plaintiff and "disrespected" him with "his harsh words." Id. at 9. Plaintiff claims that Officer Hailman was "always bring[ing] his problems to work." Id. at 8. Additionally, Plaintiff alleges that Officer Hailman "pushed" him into the cell while he was cuffed. Id.

**III.**

Upon review, the Court finds this action fails as a matter of law. "Florida's four year statute of limitations for personal injuries applies to claims for deprivations of rights under section 1983." Baker v. City of Hollywood, 391 F. App'x 819, 821 (11th Cir. 2010)(citing Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003)). A claim accrues and the statute of limitations begins to run when "'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" Id. (quoting Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987)).

The incident forming the basis of Plaintiff's claim occurred in March 2008. From the fact of the Complaint, Plaintiff knew the facts of his claim at that time. Plaintiff, however, did not file

his Complaint until December 2012, after the expiration of the four year statute of limitations.

Even if Plaintiff could overcome the statute of limitations bar, the action is subject to dismissal for failure to state a claim. No legal authority supports Plaintiff's claim that using "harsh words" toward a prisoner constitutes a constitutional violation. Hilton v. Sec'y for Dept. of Corr., 170 F. App'x 600, (11th Cir. 2005). Additionally, Plaintiff's allegation that Officer Hailman "pushed" Plaintiff is insufficient to state an Eighth Amendment claim because the use of force was *de minimus* and Plaintiff does not allege that he suffered any injuries

ACCORDINGLY, it is hereby

**ORDERED**:

1. The Complaint is **dismissed** pursuant to § 1915.

2. The **Clerk of Court** shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this   31st   day of January, 2013.

JOHN E. STEELE
United States District Judge

SA: alj

Copies: All Parties of Record